(173 App. Div. 85)

### COLVIN v. POST MORTGAGE & LAND CO.

(Supreme Court, Appellate Division, First Department.    June 2, 1916.)

**1. BROKERS ⬅71—CONTRACT AS TO COMPENSATION.**

    Where a broker, on effecting a sale, payments on which were to be by installments, agreed in writing that his commissions should be paid pro rata from each installment as received, he was not entitled to commissions, except on installments paid.

    [Ed. Note.—For other cases, see Brokers, Cent. Dig. § 56; Dec. Dig. ⬅71.]

**2. CONTRACTS ⬅245(2)—MERGER.**

    Where parties have deliberately entered upon a written agreement, all prior negotiations and agreements upon the subject-matter are deemed merged therein, and it cannot be urged that, in so far as the agreement limits rights already accrued, it is without consideration and void.

    [Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1130; Dec. Dig. ⬅245(2).]

Appeal from Trial Term, New York County.

Action by George A. Colvin against the Post Mortgage & Land Company. From a judgment for plaintiff, and from an order denying motion for new trial, defendant appeals. Reversed, and complaint dismissed.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Sol. Kohn, of New York City, for appellant.
Joseph I. Green, of New York City, for respondent.

SCOTT, J. The plaintiff sues for commissions claimed to have been earned as broker in effecting a sale of real estate. In the year 1909 defendant was the owner of a tract of land in the state of New Jersey for which it desired to find a purchaser. Plaintiff undertook to find such a purchaser, and succeeded in so far interesting certain parties that they, or one of them, executed a provisional contract for the purchase of the property at a certain price and upon certain conditions. The terms of that contract will be referred to hereafter. The plaintiff spent some time in the endeavor to find a purchaser, so that it was not until the year 1913 that he succeeded. It is not disputed by defendant that plaintiff was employed, and that he was instrumental in bringing about the agreement that was finally reached, for the sale of the land. While the negotiations were pending it was orally agreed by defendant that, if plaintiff would find a buyer and defendant should sell the land for $150,000, plaintiff should be paid a commission of 10 per cent. On April 18, 1913, the agreement between plaintiff and defendant was reduced to writing and signed by both. This agreement recited plaintiff's negotiation of a sale of the property for $150,000, and provided that he should receive 10 per cent. of the purchase price "payable pro rata from each installment of the purchase price as and when the same is received by the Post Mortgage & Land Company"; the final installment of the commission

being made payable when the sale was finally completed. The agreement also contained the following significant clause:

"In case the said J. Sheldon Tilney (the purchaser) shall for any cause terminate the contract of purchase, the right of the said George A. Colvin to further commissions shall be thereby terminated."

The contract of sale between defendant and Tilney, which was executed on the following day (April 19th), and the terms of which had doubtless been determined upon when the above-mentioned agreement was made, serves to explain that agreement. It is a long document, which provides for the sale of the land for $150,000, payable in part in installments of cash, and in part by the giving of a purchase-money mortgage. One thousand dollars was to be paid, and was paid on the signing of the contract; the payment of the balance of the cash price being deferred to specified dates. If the title to a part or to the whole property should be found to be unmarketable, the price might be reduced or the contract of sale canceled, and in any case the purchaser might at his option cancel the contract after he had paid $5,000 thereon. So that the most the seller could absolutely insist upon receiving was $5,000, and that only in case the title was found to be satisfactory.

[1] In point of fact difficulties have arisen respecting the title, and no more than the initial payment of $1,000 has been paid, of which plaintiff has duly received and receipted for 10 per cent., or $100. It is quite apparent that under the terms of the written contract between plaintiff and defendant the former has been paid all that he is entitled to on account of his commissions. Not only is it provided that the commissions should be paid out of the purchase price, but also that they should be paid "pro rata from each installment of the purchase price as and when the same is received" by defendant. This is clear, definite, and precise, and imposes no obligation upon defendant to pay, except as it receives each installment.

[2] The plaintiff has evolved an ingenious theory by which he seeks to avoid the application of the rule that, where parties have deliberately entered upon a written agreement, all prior negotiations and agreements upon the subject-matter thereof will be deemed to be merged therein. His argument is that, by reason of his employment to find a purchaser and his success in so doing, an obligation arose on the part of the defendant to pay his commissions, and that the subsequent written agreement, specifying how and when the commissions should be paid, was without consideration and void. If this contention should be permitted to prevail, there would be an end of the salutary rule now so strongly intrenched in our law. That rule is based upon the soundest principles of public policy, and is not to be overturned at this late day. There is a conclusive presumption in such a case that the written document expresses the consummated agreement between the parties, and neither will be heard to assert that it differs from a prior oral agreement covering the same subject.

It appeared upon the argument that the plaintiff, by an apparently inadvertent amendment of the complaint at the trial, had stricken out the allegations essential to constitute any cause of action against de-

fendant. That error, while it would prevent the affirmance of the judgment appealed from, is one which might be corrected, and does not go to the merits of the case. We do not, therefore, base our decision upon it, but upon the fundamental proposition that upon the facts as proven, even if the complaint had been sufficient, the plaintiff has shown himself to be entitled to no present recovery against defendant.

The judgment and order appealed from are therefore reversed, and the complaint dismissed, with costs to defendant in this court and the court below. All concur.